IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 15-CR-434 MV

JULIAN CONCHA,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO  
MODIFY CONDITIONS OF RELEASE**

THIS MATTER is before the Court on Defendant Julian Concha's Motion to Modify Conditions of Release, filed October 15, 2015. (ECF No. 32, "Def. Mot.") Defendant entered a guilty plea on August 6, 2015. (ECF No. 31) Pursuant to 18 U.S.C. § 3143, Defendant seeks modification of his pre-sentence conditions of release—specifically, he asks for release from the third-party custody of La Pasada Halfway House on his own recognizance with supervision so that he can return to his home and family in Santa Fe. (Def. Mot. at 1) The United States filed a response in opposition to Defendant's motion on October 19, 2015. (ECF No. 33) Having reviewed the motion, the Government's response, and otherwise being fully advised, the Court **denies** Defendant's motion for modification of his pre-sentence conditions of release for the reasons set forth below.

**I.      Analysis**

On August 6, 2015, Defendant pled guilty to an information charging him with two counts: 18 U.S.C. §§ 1153 and 113(a)(6) (Count 1: Assault Resulting in Serious Bodily Injury) and 18 U.S.C. §§ 1153 and 113(a)(4) (Count 2: Assault by Striking, Beating and Wounding).

1

(*See* ECF No. 31; ECF No. 27) Defendant's guilty plea was subject to the provisions of 18 U.S.C. § 3143(a)(2) due to the nature of the offenses committed. Specifically, the Court was required to detain Defendant pending sentencing absent a showing of exceptional circumstances. *See* 18 U.S.C. §§ 3143(a)(2), 3145(c). At the plea hearing, the Court found that exceptional circumstances existed to continue Defendant's previously imposed conditions of release until Defendant's sentencing. (ECF No. 31)

The Court recognizes that Defendant has done well while in the third-party custody of La Pasada Halfway House, and that Probation/Pre-Trial Services does not oppose Defendant's release on his own recognizance with supervision until his sentencing date. (Def.'s Mot. at 2) However, the Court shares the concerns expressed in the Government's response that Defendant has had difficulty in the community and family setting similar to that which he now seeks to return to while awaiting sentencing. In particular, the Court notes that Defendant has a history of prior convictions for battery and assault against a household member. *See Taos Pueblo v. Concha*, Nos. CR12-0194, CR12-0195, DV12-0016, DV11-0022, DV11-0023, DV12-003, CR13-0024, CR13-0025, DV13-002. As summarized in the Government's response, a number of Defendant's prior convictions involve members of his family, including his girlfriend. (Resp. at 2-4) Now that Defendant has been adjudicated guilty and is facing an imminent sentence of imprisonment, a difficult standard must be met for Defendant's release anywhere, much less back to an environment similar to that in which he has had previous difficulty.

The Court commends Defendant for his compliance with his current conditions of release while in the third-party custody of the halfway house. Defendant's success re-affirms the Court's determination at the plea hearing that exceptional circumstances existed to warrant continuing his current conditions of release. Nonetheless, due to Defendant's history of domestic violence at

Taos Pueblo, the Court finds that pre-sentence release on his own recognizance will create an unacceptable danger to the community. Furthermore, the Court finds that remaining in the custody of the halfway house is necessary to mitigate Defendant's risk of flight for the same reasons articulated by the Government in its response. In sum, the Court finds that Defendant has failed to demonstrate exceptional reasons to warrant pre-sentence release on his own recognizance. Defendant's stated reasons—returning to his wife and newborn child, and working to help his wife build a savings before he begins his term of imprisonment—are not "out of the ordinary, uncommon, or rare" to be considered exceptional. *See United States v. Hosier*, ____ F. App'x ____, 2015 WL 381544 *2 (10th Cir. 2015) (defining exceptional in 18 U.S.C. § 3145(c) as "out of the ordinary, uncommon, or rare"); *see also United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) (unpublished) (summarizing cases that "establish that mere personal reasons, including caring for a family or gainful employment, are not 'exceptional'" for purposes of 18 U.S.C. § 3145(c)).

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant remain on the current conditions of release until the time of his sentencing.

_____
UNITED STATES MAGISTRATE JUDGE